IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00595-PAB

KIM M. MACLUCKIE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**ORDER REMANDING TO AGENCY**
_____

This matter comes before the Court on plaintiff Kim M. MacLuckie's complaint [Docket No. 3], filed on March 19, 2009. Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

On June 21, 2006, plaintiff filed for disability benefits under the Act, alleging an onset date of January 22, 2005. Plaintiff based her application on both her own earnings record and, as a disabled divorced widow, that of her late ex-husband. R. at 56, 217. After plaintiff's claims were denied at the initial level, R. at 42, 220, an Administrative Law Judge ("ALJ") conducted a hearing and on January 23, 2008 issued a decision finding plaintiff was not disabled within the meaning of the Act. R. at 17-27.

Plaintiff appealed the decision, R. at 238, and the Appeals Council denied her request for review. Plaintiff filed her appeal with this Court on March 19, 2009.

While plaintiff's case was pending with the Appeals Council, plaintiff filed a second claim for benefits, alleging an onset date of January 24, 2008 and again seeking benefits based on her earnings and as a disabled divorced widow. These claims were granted on April 11, 2009. Docket No. 13-1 at 1.

Before answering Ms. MacLuckie's complaint, the Commissioner filed a motion to remand the case to the Social Security Administration ("agency") [Docket No. 13]. The Commissioner argued that remand was appropriate because, pursuant to internal agency regulations, *see* HALLEX I-4-2-101, 2005 WL 2542608 (memorandum from the executive director, office of appellate operations), remand was necessary to reconcile the January 24, 2009 finding of no disability and the subsequent April 11, 2009 finding of disability. Plaintiff responded to the Commissioner's motion for remand, explaining that she did not oppose a remand so long as the remand order specifically limited the agency such that it could not reconsider her April 11, 2009 award of benefits. Docket No. 14 at 2. On July 23, 2009, Senior Judge John L. Kane denied the Commissioner's motion and ordered the parties to proceed with briefing on plaintiff's appeal. Docket No. 19.

Both plaintiff's opening brief [Docket No. 20] and the Commissioner's response brief [Docket No. 21] seek a remand to the agency. Plaintiff argues that the January 24, 2009 ALJ decision was in error and that her case should be remanded for a reconsideration of only that decision as the issues presented in this case only concern the period of time considered by that decision. Docket Nos. 20 at 21-22; 22 at 3-4.

Alternatively, plaintiff seeks reversal and remand for an immediate award of benefits. Docket No. 20 at 22.  The Commissioner argues that remand is appropriate to reconcile the January 23, 2008 decision with the subsequent favorable decision finding plaintiff disabled.  *See* Docket No. 21 at 34.

As both parties' briefs seek a remand to the agency, the Court will treat these requests as motions to reconsider the earlier denial of the Commissioner's motion for voluntary remand.  Because the parties agree as to the requested relief, the Court finds that remand is proper in this case.  However, it would be inappropriate for the Court to limit the scope of the agency's review on remand to the earlier ALJ decision.  *See* 20 C.F.R. § 404.983 (allowing that on remand "[a]ny issues relating to [the plaintiff's] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision").

Accordingly it is,

**ORDERED** that the case is **REMANDED** to the Commissioner for additional proceedings in accordance with this Order.

DATED January 6, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge