IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00595-PAB

KIM M. MACLUCKIE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Motion for Attorney's Fees [Docket No. 29] filed by plaintiff Kim M. MacLuckie. Plaintiff's motion is unopposed.

On March 19, 2009, plaintiff filed a Complaint [Docket No. 3] seeking review of the final decision of defendant Michael J. Astrue in his official capacity as the Commissioner of Social Security (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. On January 6, 2011, the Court remanded the Commissioner's denial of benefits for additional proceedings. *See* Docket No. 24. On December 21, 2011, based on the remand proceedings, plaintiff was awarded past-due benefits from the Social Security Administration in the amount of $59,072.00. Docket No. 29-1 at 1. The notice award from the Social Security Administration withheld $12,185.75 from plaintiff's benefits in anticipation of this fee request. *See id*. Plaintiff received notice of this award on June 13, 2012 and filed the motion for attorney's fees on June 15, 2012.

Docket No. 29 at 1. Thus, the motion is timely under Rule 60(b) of the Federal Rules of Civil Procedure. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.").

In the present motion, plaintiff requests that, pursuant to 42 U.S.C. § 406(b), the Court grant her attorney, Ann J. Atkinson, $12,185.75 in attorney's fees in connection with this case. Docket No. 29 at 1. Plaintiff states that she entered into a contingent-fee agreement with Ms. Atkinson wherein she agreed to pay Ms. Atkinson 25% of any past-due disability award granted upon the successful outcome of this action. Docket No. 29 at 3. Plaintiff also informs the Court that, if Ms. Atkinson is granted an attorney's fee award of 25% of past-due benefits, then Ms. Atkinson will not seek additional attorney's fees for administrative work pursuant to 42 U.S.C. § 406(a) and will reimburse plaintiff for any fees secured under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* at ¶ 6, ¶ 11.

Section 406(b) of Title 42 of the United States Code provides, in pertinent part, that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Tenth Circuit has "conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits." *McGraw*, 450 F.3d at 503. "The

statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to this statutory provision, "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

Despite a contingent-fee agreement, courts must review the reasonableness of the fees yielded by the agreement to ensure that the attorney's recovery is based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. Moreover, if claimant's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b)(1), counsel must refund the smaller award to the claimant. See *Gisbrecht,* 535 U.S. at 796; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Ms. Atkinson's affidavit reveals that she spent 24.2 hours representing plaintiff in front of this Court. Docket No. 29-2 at 3-4. Ms. Atkinson also represented plaintiff in social security administrative proceedings for an additional 20 hours. Docket No. 29 at 2-3, ¶ 6. Ms. Atkinson undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff. Morever, given that Ms. Atkinson will forgo an attorney's fee award under the EAJA and will not pursue attorney's fees under § 406(a), the net fee paid by plaintiff to Ms. Atkinson will be less than the agreed amount of 25% of past-due benefits. Thus, in light of the hours worked, the motion being unopposed, as well as Ms. Atkinson's willingness to receive less than 25% of the agreed upon fee, the Court concludes that an attorney's fee of $12,185.75 is reasonable.

Therefore, it is

**ORDERED** that plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. p. 60(b)(6) [Docket No. 29] is **GRANTED**. It is further

**ORDERED** that plaintiff's counsel is awarded attorney's fees in the amount of $12,185.75.

DATED July 18, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge