IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00595-PAB

KIM M. MACLUCKIE,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on the Application for an Award of Attorney's Fees [Docket No. 26] filed by plaintiff Kim M. MacLuckie. In the motion, plaintiff, as the prevailing party, requests attorney's fees in the amount of $4,211.04 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is fully briefed and ripe for disposition.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the government's position was substantially justified rests with the government. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under the EAJA, the Court

is to consider both the government's position in the underlying agency action and its position during any subsequent litigation.  *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D)(stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").  The EAJA also has a built-in mechanism to disallow fees where "special circumstances make an award unjust" and gives courts discretion to deny awards where equitable considerations dictate an award should not be made.  *Scarborough v. Principi*, 541 U.S. 401, 423 (2004).

On March 19, 2009, plaintiff filed a Complaint [Docket No. 3] seeking review of the final decision of defendant Carolyn W. Colvin in her official capacity as the Commissioner of Social Security (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  On April 11, 2009, in a separate application for disability benefits, plaintiff received a favorable decision finding plaintiff disabled as of January 24, 2008.  Docket No. 14 at 1, ¶ 1.  Based on the results of plaintiff's separate application for benefits, the Commissioner filed a Motion for Voluntary Remand [Docket No. 13] wherein the Commissioner sought to remand this appeal for further administrative proceedings. The Commissioner requested a remand in order to reconcile this appeal with the subsequent decision by the Social Security Administration which found plaintiff disabled as of January 24, 2008.  Docket No. 13 at 2, ¶ 4.  Plaintiff opposed the Commissioner's motion for voluntary remand because it was not limited to the issued presented in this appeal, namely, whether plaintiff was disabled between January 22, 2005 and January 23, 2008.  Docket No. 14 at 2, ¶ 5. Because of plaintiff's opposition, the Court denied

the Commissioner's motion for voluntary remand [Docket No. 19] and plaintiff's appeal proceeded before the Court. On January 6, 2011, the Court remanded the appeal, but declined to limit the scope of the agency's review on remand to the earlier ALJ decision. *See* Docket No. 24 at 3 (citing 20 C.F.R. § 404.983).

Pursuant to plaintiff's unopposed motion [Docket No. 29], the Court granted plaintiff's attorney, Ann J. Atkinson, $12,185.75 in attorney's fees pursuant to 42 U.S.C. § 406(b). Docket No. 30 at 4. Plaintiff states that Ms. Atkinson will not seek any additional fee under § 406(a) for work representing plaintiff in front of the Commissioner and will reimburse plaintiff the lesser of the two amounts. Docket No. 29 at 2-3, 5, ¶¶ 6, 11.

The Commissioner opposes plaintiff's application for attorney's fees on the grounds that special circumstances make the award of the requested fees unjust. Docket No. 27 at 4. The Commissioner claims that plaintiff's counsel unnecessarily increased the fees in this case by contesting the Commissioner's motion for a voluntary remand. *Id*. at 4-5. The Commissioner argues that, regardless of whether the issues on remand were limited in the manner advocated by plaintiff, the April 11, 2009 order granting plaintiff benefits could be reopened and revised at the Commissioner's discretion within 12 months of the decision. Docket No. 27 at 4 (citing 20 C.F.R. § 404.988(a)). Thus, the Commissioner argues that her position throughout this litigation was that the discretion concerning whether or not to revisit the April 11, 2009 decision lay solely with the Commissioner. *Id.* at 5. The Commissioner asserts that, because the Court remanded the appeal without restrictions, plaintiff did not obtain an additional benefit by contesting the voluntary remand. *Id.* The Commissioner contends that it is

unjust to award attorney's fees for the 24.2 hours claimed (the hours expended opposing the agency in front of this Court) because plaintiff's counsel's efforts were unnecessary and ultimately unsuccessful. Instead, the Commissioner requests that the Court award plaintiff's attorney $1,061.46 which represents 3.8 hours of work performed by plaintiff's counsel prior to the Commissioner's motion for voluntary remand, and 2.3 hours of work done reviewing the remand Order and preparing the EAJA fee petition. *Id*. at 4.

In response, plaintiff claims that her opposition to the Commissioner's voluntary remand was reasonable because she sought to avoid jeopardizing her successful claim for disability benefits beginning after January 24, 2008. Docket No. 28 at 1-2. Plaintiff does not address the Commissioner's argument that the April 11, 2009 decision was, at the time, subject to reopening at the Commissioner's sole discretion. Additionally, plaintiff argues that, because the Commissioner limited the remand proceedings to the period of time prior to January 23, 2008, any accumulation of fees is due in large part to the Commissioner's position in front of this Court. Docket No. 26 at 4. The Court disagrees.

The Commissioner may reopen a final determination on her own initiative "[w]ithin 12 months of the date of the notice of the initial determination, for any reason." 20 C.F.R. §§ 404.987, 404.988. Thus, regardless of whether plaintiff successfully limited the issues on remand, the Commissioner could have, at the time of the motion to remand, revisited the April 11, 2009 final determination for any reason. Although plaintiff argued that an unconditional remand would jeopardize the benefits awarded as a result of the April 11, 2009 decision of the ALJ, neither plaintiff nor the Court had any

4

legal basis upon which to prevent the Commissioner from revisiting the April 11, 2009 decision, which rendered plaintiff's opposition to the Commissioner's motion moot.  The Commissioner was therefore substantially justified in continuing to argue for a remand on the terms she proposed.  The fact that Senior Judge Kane denied the Commissioner's motion for remand does not compel the opposite conclusion.  *Cf. Or. Natural Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992) ("[o]ur precedents do not treat the district judge's agreement with the government in the initial case as conclusive as to whether or not the government was reasonable" (quotations omitted).  Moreover, this Court determined that a remand under the conditions suggested by plaintiff was inappropriate, *see* 20 C.F.R. § 404.983, and the fact that the Commissioner eventually chose to limit the issues as plaintiff suggested does not affect the veracity of the Commissioner's position before this Court.  The Court therefore finds that the Commissioner's position in this litigation was substantially justified.

As noted above, the Commissioner concedes that plaintiff is entitled to an award consisting of the 3.8 hours expended by plaintiff's counsel prior to the filing of the Commissioner's motion to remand and 2.3 hours expended reviewing the Court's order remanding the case and preparing the EAJA petition. Docket No. 27 at 4.  The Court agrees and further finds that plaintiff is entitled to an additional hour of time for review of the motion for voluntary remand and research, time which would have been expended regardless of whether plaintiff chose to oppose the Commissioner's motion.  The Court has reviewed the submitted billing records and is satisfied that an award of 7.1 hours is reasonable and not excessive, redundant, and or unnecessary.  *See Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by*

*Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987).  The parties have stipulated to an hourly rate of $174.01.  *See* Docket No. 26 at 5 n.1; Docket No. 27 at 6.  Although the Court is not bound by the parties' stipulation, the Court finds that an hourly rate of $174.01 is reasonable given that Ms. Atkinson has over 25 years experience practicing in the field of Social Security disability law.  *See* Docket No. 26-2 at 1; *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  The Court therefore concludes that an award of $1235.47 represents the appropriate lodestar amount.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (defining lodestar amount as the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate").

Therefore, it is

**ORDERED** that Plaintiff's Application for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 26] is **GRANTED** in part and **DENIED** in part as indicated in this order.  It is further

**ORDERED** defendant is ordered to pay the amount of $1235.47 to plaintiff for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  It is further

**ORDERED** that Plaintiff's Uncontested Motion to Set Status Conference [Docket No. 31] and plaintiff's Unopposed Motion to Refer Pending Motions to Magistrate Judge for Report and Recommendation [Docket No. 32] are **DENIED** as moot.

DATED September 3, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge